IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00551-CMA-KLM

CONTINENTAL CASUALTY COMPANY, an Illinois corporation,

    Petitioner,

v.

KIDNEY REAL ESTATE ASSOCIATES OF ARVADA, LLC, a Colorado limited liability company,

    Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Petitioner's **Petition to Appoint Umpire** [#1] (the "Petition"). In the Petition [#1], Petitioner seeks an order from the Court appointing an umpire to assist with completion of the appraisal process for the property at issue in this dispute. On October 16, 2018, Petitioner filed its List of Potential Umpires [#22] (the "Petitioner's List") to which Respondent filed Objections [#25]. On October 30, 2018, Respondent filed its List of Potential Umpires [#23] (the "Respondent's List") to which Petitioner filed Objections [#26]. The Petition [#1] has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.L.CivR 72.1(c). *See* [#30]. The Court has reviewed the Petition, the parties' respective Lists and Objections, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Petition [#1] be **GRANTED** and that **Neil Mekelburg of Pie Consulting & Engineering** be appointed as

umpire with respect to the insurance policy appraisal provision applicable to this case.[1]

## I. Background

For purposes of addressing the Petition [#1], the factual background of this matter is as follows. Petitioner is an insurance company that issued Property Insurance Policy No. B 5094150675 (the "Policy") to Respondent, the owner of property in Arvada, Colorado (the "Property"). *Petition* [#1] ¶ 4. The Policy covered "direct physical loss of or damage to covered property caused by or resulting from a covered cause of loss, including damage caused by wind or hail during the policy period." *Id.* On May 8, 2017, the Property sustained damage caused by a hailstorm for which Petitioner issued a payment of $19,002.21 under the Policy. *Id.* ¶¶ 3, 5, 6, 7. Respondent disagreed with Petitioner's damage assessment and invoked the appraisal provision of the Policy, which states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

*Id.* ¶¶ 8, 10. Pursuant to this provision, Respondent and Petitioner retained their respective appraisers. *Id.* ¶ 8. The appraisers could not agree on an umpire. *Id.* Accordingly,

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462-63 (10th Cir. 1988). Given that Petitioner initiated this suit by filing the Petition [#1], the Court assumes that the Petition is dispositive and requires a recommendation out of an abundance of caution.

Petitioner filed the Petition [#1] in this Court on March 8, 2018.  At the Scheduling Conference held on October 3, 2018, the parties were directed to file their respective lists of potential umpires and they complied.  *See Minute Entry* [#20]; *Petr's List* [#22]; *Respt's List* [#23].

## II.  Analysis

The parties appear to agree that the appointment of an appraisal umpire is guided by the language of the Policy which requires an umpire who is both "competent and impartial."  *Petition* [#1] ¶¶ 10-13; *Respt's List* [#23] at 2.  In addition, Petitioner asks that the Court also consider the degree of the umpire's "background, knowledge and experience in construction matters, with commercial property insurance issues/disputes generally, and particular knowledge regarding wind/hail storm coverage disputes."  *Petition* [#1] ¶ 11.  Respondent has raised no objection to this and the Court finds it an appropriate consideration in determining the umpire's competency.

Petitioner nominates the following seven individuals to serve as the appraisal umpire: (1) Matthew J. Sitzmann ("Sitzmann") of Haag Engineering; (2) Grant Trusler ("Trusler") of Madsen, Kneppers & Associates, Inc.; (3) Nick Lovato ("Lovato") of CyberCon Consulting, Inc.; (4) Chris Warlow ("Warlow") of Unified Building Sciences; (5) Neil Mekelburg ("Mekelburg") of Pie Consulting & Engineering; (6) Hon. Sanford M. "Sandy" Brook ("Brook") of Judicial Arbiter Group, Inc.; and (7) Hon. Christopher Cross ("Cross") of JAMS Denver.[2]  *Petr's List* [#22] at 1-2.  Respondent names the following three individuals from JAMS Denver: (1) Hon. James S. Miller ("Miller"); (2) Hon. John P. Leopold

---

[2] The individuals named in Petitioner's List [#22] are also named in the Petition [#1].  *See* [#1] ¶ 12.

("Leopold"); and (3) Richard P. Myers ("Myers"). *Respt's List* [#23] at 1-2. For each individual nominated, the parties have provided curricula vitae for the Court's review. *See Petr's List, Ex. A* [#22-1]; *Respt's List, Exs. 1-3* [#23-1, #23-2, #23-3]; *Petr's Obj., Ex. A* [#26-1].[3]

Petitioner objects to Respondent's three "potential umpires on the basis of their respective lack of competence and technical knowledge specifically relating to roofing structures and components, as associated with a claim of hail and interior water damage, which industry disciplines form the subject of this dispute." *Petr's Obj.* [#26] at 1. Specifically, Petitioner notes that Mr. Myers "does not have any experience or qualification relating to roofing, hail, or water damage[,]" and argues that "Mr. Myers' ownership and operation of a real estate and rehab company falls far short of establishing any knowledge of, or actual practice in, these disciplines." *Id.* at 2 (internal quotations marks omitted). With respect to Judge Miller and Judge Leopold, Petitioner asserts that neither has roofing, hail, or other experience relevant to the technical factors involved in this dispute. *Id.*

Respondent's Objections to the individuals nominated by Petitioner is somewhat difficult to follow. *See* [#25]. Respondent first objects to Mr. Sitzmann and Mr. Lovato on the basis that they were both hired by Petitioner's appraiser in a recent case involving an appraisal dispute in which Judge Cross served as an umpire. *Id.* at 1. Respondent then appears to object to all seven individuals nominated by Petitioner on the basis that they were selected by Petitioner's appraiser. *Id.* at 1-2. Next, Respondent raises specific

---

[3] The Court notes that Respondent failed to attach a curriculum vitae for Judge Leopold. *See* [#23-1, #23-2, #23-3]. To assist the Court, Petitioner attached Judge Leopold's curriculum vitae to its Objections. *See* [#26-1].

objections to Mr. Trusler and Mr. Warlow solely on the basis that "they work exclusively for insurers in the appraisal process" without further explanation. *Id.* at 2. Respondent concludes by indicating that it does not object to Judge Cross or Judge Brook, with the caveat that "they were chosen by Petitioner's appraiser who also chose others who would not be impartial as they have worked with Petitioner's appraiser in the past as hired experts." *Id.* Respondent fails to specifically address Mr. Mekelburg. *See generally id.*

As an initial matter, the Court is not persuaded by Respondent's blanket opposition to any individual selected by Petitioner's appraiser given that the Policy clearly states that the parties' appraisers, rather than the parties themselves, will select an umpire. *See Petition* [#1] ¶ 10. Although Respondent appears to approve of Petitioner's nomination of Judge Brook and Judge Cross, Petitioner states that these former judges may not be "ideal candidates for the purpose of the appraisal" given their "lack of technical knowledge and experience." *Id.* ¶ 13; *Petr's List* [#22] at 3. Petitioner's concern regarding the lack of technical knowledge and experience of Judge Brook, Judge Cross, and Respondent's three nominees is well taken. While Respondent does not address this point, the claim at dispute involves roof and interior water damage caused by a hail storm. *Petition* [#1] at 1-2. An umpire with technical experience in the subject matter would likely be a valuable asset to both parties during the appraisal process. Although the former judicial officers have undoubtedly presided over many insurance adjustment claims and Mr. Myers has a substantial background in arbitrating and mediating litigation disputes, their curricula vitae do not indicate specific experience in hail damage coverage assessments. *See Curricula Vitae of Judge Brook* [#22-1] at 12-13, *Judge Cross* [#22-1] at 14-16, *Judge Miller* [#23-3], *Judge Leopold* [#26-1], and *Mr. Myers* [#23-1].

Petitioner suggests that Mr. Sitzmann, Mr. Trusler, and Mr. Mekelburg are the most qualified individuals named in Petitioner's List to serve as an umpire. *See Petition* [#1] ¶ 13; *Petr's List* [#22] at 2-3. Among these three candidates, Respondent raised specific objections only to Mr. Sitzmann and Mr. Trusler. In light of this, the Court has reviewed Mr. Mekelburg's qualifications and finds him to be an acceptable candidate. Mr. Mekelburg is employed by Pie Consulting & Engineering which, according to Petitioner, is regularly employed to consult for both insurers and insureds. *Petition* [#1] ¶ 13; *Petr's List* [#22] at 3. Relevant to this dispute, Mr. Mekelburg works in Arvada, Colorado, the location of the Property, and has extensive experience in structural, civil, and property damage claims, and forensic investigation experience in assessing damage caused by snow, wind, and water. *Curriculum Vitae of Mr. Mekelburg* [#22-1] at 10-11. Accordingly, given Mr. Mekelburg's qualifications and given that no specific objection was raised by Respondent, the Court concludes that Mr. Mekelburg would be competent and impartial in serving as an umpire in the parties' appraisal process.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Petition [#1] be **GRANTED** and that **Neil Mekelburg of Pie Consulting & Engineering** be appointed as umpire with respect to the insurance policy appraisal provision applicable to this case.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 22, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge